**Gloria Margarita HERNANDEZ–MARTINEZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–70730.

I & NS No. A70–155–561.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 2, 2002.

Decided April 23, 2002.

Before PREGERSON and TROTT, Circuit Judges, and FITZGERALD,* Senior District Judge.

**MEMORANDUM****

Petitioner Gloria Hernandez–Martinez's motion to reopen her deportation proceeding under the Nicaraguan and Central American Relief Act ("NACARA") was denied as untimely by the immigration judge. Hernandez–Martinez now petitions for review of the BIA's decision summarily affirming the immigration judge's denial of her motion to reopen. The BIA's ruling on an applicant's motion to reopen is reviewed for an abuse of discretion. *See INS v. Doherty,* 502 U.S. 314, 324, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). We have jurisdiction under IIRIRA § 309(b)(4)(C); 8 U.S.C. § 1252(d), and we affirm.

It was clear from NACARA § 203 and the implementing regulations that the Petitioner was eligible to file a motion to reopen as a derivative beneficiary and was required to file this motion to reopen no later than September 11, 1998. *See* 111 Stat. 2160 at 2199; Notice, 63 Fed. Reg. 31890, 31894 (June 11, 1998). Nonetheless, Petitioner filed her motion to reopen on November 17, 1999. Thus, the immigration judge correctly denied Petitioner's motion to reopen as untimely.

We further find that Petitioner's equal protection rights were not violated. Requiring aliens subject to a final order of deportation to file a motion to reopen with the BIA is rationally related to the BIA's

---

1. UNUM has abandoned any claim for fees or costs. This issue is therefore moot.

* Honorable James M. Fitzgerald, Senior United States District Judge for Alaska, sitting by designation.

role as the final adjudicator of deportation issues.

Petition DENIED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.